IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

STAN MACIAS,

        Plaintiff,                                CV F 07 0617 OWW WMW P

        vs.                                        ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND

CHIEF DEPUTY WARDEN, et al.,

        Defendants.

        Plaintiff is a former state prisoner proceeding pro se. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983. This proceeding was referred to this court by Local Rule 72-302 pursuant to 28 U.S.C. § 636(b)(1).

        This action proceeds on the original complaint. Plaintiff, formerly in the custody of the California Department of Corrections and Rehabilitation at Wasco State Prison, brings this civil rights action against defendant correctional officials employed by the Department of Corrections and Rehabilitation at Wasco.

        Plaintiff's sole claim in this complaint is that Defendants, despite Plaintiff's request to be placed on B yard, placed Plaintiff on H yard, where he was assaulted. Plaintiff specifically alleges that on July 21, 2005, he arrived at Wasco from the Fresno County Jail. Plaintiff spoke to an unidentified Correctional Officer and a Lieutenant about his safety concerns. Plaintiff advised both of these individuals that he had previously been placed on B yard. Later

that evening, he was assigned to H yard. On July 29, 2005, Plaintiff was assaulted, suffering a 4 inch cut to his neck.

Prison officials have a duty to take reasonable steps to protect inmates from physical abuse. Hoptowit v. Ray, 682 F.2d at 1250-51; Farmer v. Brennan, 511 U.S. 825, 833 (1994). To establish a violation of this duty, the prisoner must establish that prison officials were "deliberately indifferent to a serious threat to the inmates's safety." Farmer v. Brennan, 511 U.S. at 834. The deliberate indifference standard involves an objective and a subjective prong. First, the alleged deprivation must be, in objective terms, "sufficiently serious." Farmer v. Brennan, 511 U.S. at 834(citing Wilson v. Seiter, 501 U.S. 294, 298 (1991)). Second, the prison official must "know of and disregard an excessive risk to inmate health or safety." Id. at 837.

To demonstrate that a prison official was deliberately indifferent to a serious threat to an inmate's safety, the prisoner must show that "the official knew of and disregarded an excessive risk to inmate ... safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and the official must draw the inference." Farmer, 511 U.S. at 837; Anderson v. County of Kern, 45 F.3d 1310, 1313 (9th Cir. 1995).

Here, Plaintiff's allegations fail for specificity. Though Plaintiff alleges that he advised officials that he requested to be placed in a protective area, he does not allege the nature of the harm he would be exposed to on other yards. Plaintiff alleges that though he was aware that H yard was a Substance Abuse Program (SAP) yard, "he thought it would be similar to SATF Corcoran where he was placed previously. Plaintiff did not know that H yard was an active yard."

Other than his previous placement on B yard, Plaintiff fails to identify any objective facts that defendants were aware of that put them on notice of the specific danger that Plaintiff faced. A generalized fear for one's safety is insufficient to state a claim for relief for deliberate indifference under the Eighth Amendment.

Further, Plaintiff does not identify the particular individuals who knew of the harm, and the conduct that those individuals engaged in that caused him harm.  That Plaintiff was assaulted does not, of itself, subject correctional officials to liability.  In order to hold an individual liable in a section 1983 action, Plaintiff must allege facts indicating that Defendant knew of and acted with disregard to, and excessive risk to Plaintiff's safety.  Plaintiff may not hold defendants liable simply by describing his harm and then listing individual correctional officials.

Additionally, liability may be imposed on supervisory defendants under § 1983 only if (1) the supervisor personally participated in the deprivation of constitutional rights or (2) the supervisor knew of the violations and failed to act to prevent them.  Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989); Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989).  Plaintiff does not allege facts indicating that the supervisory defendants participated in, or knew of and failed to prevent, the alleged wrongs.

The statute plainly requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff.  See Monell v. Department of Social Services, 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976).  The Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which the complaint is made."  Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

The court finds the allegations in plaintiff's complaint vague and conclusory.   The court has determined that the complaint does not contain a short and plain statement as required by Fed. R. Civ. P. 8(a)(2).  Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice and state the elements of the claim plainly and succinctly.  Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984).  Plaintiff must allege with at

1  least some degree of particularity overt acts which defendants engaged in that support plaintiff's
2  claim. Id. Because plaintiff has failed to comply with the requirements of Fed. R. Civ. P.
3  8(a)(2), the complaint must be dismissed. The court will, however, grant leave to file an
4  amended complaint.
5       If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the
6  conditions complained of have resulted in a deprivation of plaintiff's constitutional rights. See
7  Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). Also, the complaint must allege in specific terms
8  how each named defendant is involved. There can be no liability under 42 U.S.C. § 1983 unless
9  there is some affirmative link or connection between a defendant's actions and the claimed
10 deprivation. Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir.
11 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).
12      In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to
13 make plaintiff's amended complaint complete. Local Rule 15-220 requires that an amended
14 complaint be complete in itself without reference to any prior pleading. This is because, as a
15 general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375
16 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading no
17 longer serves any function in the case. Therefore, in an amended complaint, as in an original
18 complaint, each claim and the involvement of each defendant must be sufficiently alleged.
19      In accordance with the above, IT IS HEREBY ORDERED that:
20 1. Plaintiff's complaint is dismissed; and
21 2. Plaintiff is granted thirty days from the date of service of this order to file a first amended
22 complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil
23 Procedure, and the Local Rules of Practice; the amended complaint must bear the docket number
24 assigned this case and must be labeled "First Amended Complaint." Failure to file an amended
25 complaint in accordance with this order will result in a recommendation that this action be
26

1  dismissed.

4  IT IS SO ORDERED.

5  **Dated:    November 27, 2007**              /s/  **William M. Wunderlich**
                                                UNITED STATES MAGISTRATE JUDGE